Samuels v Town Sports Intl., LLC (2019 NY Slip Op 05477)





Samuels v Town Sports Intl., LLC


2019 NY Slip Op 05477


Decided on July 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2019

Renwick, J.P., Gische, Kapnick, Singh, JJ.


9817 22178/13

[*1]Nigel Samuels, et al., Plaintiffs-Appellants,
v
Town Sports International, LLC doing business as New York Sports Club, Defendant-Respondent.


The Law Office of David S. Klausner PLLC, White Plains (Crystal Massarelli of counsel), for appellants.
Gordon & Rees, LLP, Harrison (Ryan G. Dempsey of counsel), for respondent.



Order, Supreme Court, Bronx County (Rubén Franco, J.), entered on or about April 6, 2018, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff Nigel Samuels contends he was injured when, while engaged in playing basketball on defendant gym's indoor court, he slipped on an accumulation of dust and fell.
Supreme Court erred in granting defendant summary judgment as defendant failed to make a prima facie case on its affirmative defense of primary assumption of the risk. The doctrine limits the scope of the defendant's duty of care (Morgan v State of New York, 90 NY2d 471, 483-484 [1997]). It relieves an owner or operator of a sporting venue from liability for those risks inherent in the sport that the plaintiff was participating in where the plaintiff was aware of the risks; had an appreciation of the nature of the risks; and voluntarily assumed the risks (Morgan, 90 NY2d at 484). The underlying policy of the doctrine is "to facilitate free and vigorous participation in athletic activities" (Cotty v Town of Southampton, 64 AD3d 251, 254 [2d Dept 2009] [internal quotation marks omitted]), not to exculpate a landowner from liability for ordinary negligence in maintaining its premises (Sykes v County of Erie, 94 NY2d 912, 913 [2000]).
An owner may not be held liable if the injury results from certain conditions inherent in a participant's outdoor game of basketball (id. [irregular surfaces]; see also Felton v City of New York, 106 AD3d 488 [1st Dept 2013] [cracked, repaired and uneven outdoor court]). The same is true if a condition on an indoor basketball court is otherwise open and obvious (see Egbebemwen A. v New York City Dept. of Educ., 148 AD3d 440, 441 [1st Dept 2017] [wrestling mat on indoor gym floor]; Ciocchi v Mercy Coll., 289 AD2d 362 [2d Dept 2001] [the plaintiff collided with badminton pole stored in the corner of the gym]).
Here, defendant failed to establish that accumulated dust on an indoor basketball court is inherent in the sport of basketball. Nor did defendant establish that the alleged condition was an [*2]open and obvious one (Morgan, 90 NY2d at 488 [tennis player tripped on torn net on indoor tennis court; not a risk inherent in the sport of tennis so as to relieve premises owner of liability, as a matter of law]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2019
CLERK